IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SHAWN DEWAYNE PARKS           )
                              )
        Plaintiff,            )
                              )
   v.                         )       1:20CV898
                              )
KATY POOLE and                )
TODD E. ISHEE,                )
                              )
        Defendants.           )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court is Defendants Katy Poole and Todd Ishee's ("Defendants") motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), Rule 12(c), and Rule 56.[1] (Doc. 21.) The Memorandum in Support of Defendants' Motion for Summary Judgment Fed. R. Civ. P. 56, (Doc. 22), addresses dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Rule 12(c), and Rule 56.

---

[1] The motion includes a request for dismissal pursuant to "Rule 12(b)(c)," ((Doc. 21) at 1), apparently in reference to Federal Rule of Civil Procedure 12(c). While this court would not usually point out a small typographical error of this type, the motion and accompanying memorandum are full of typographical errors, formatting errors from what appears to be cutting and pasting, and formatting errors in violation of the rules of this court. (See e.g., (Doc. 22) at 18); see LR 7.1(a) ("Typewritten . . . documents shall be double spaced.") The errors are very distracting. Counsel is cautioned that a failure to comply with the local rules may result in sanctions, including striking the pleading. See LR 83.4.

Plaintiff is proceeding pro se. A Roseboro Letter was issued to Plaintiff advising him that Defendants filed a motion for summary judgment and that he had the right to respond. (See Doc. 26.) The letter further advised that failure to respond may cause the court to find that the contentions are not disputed, thereby granting summary judgment. (See id.) Plaintiff did not respond to the motion. The matter is ripe for ruling.

Additionally before this court is Defendants' motion to seal certain documents. (Doc. 24.)

For the reasons set forth herein, this court will grant summary judgment will dismiss the complaint. This court will also grant Defendants' motion to seal.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a state prisoner housed in Scotland Correctional Institution, filed a Complaint for Violation of Civil Rights alleging the deprivation of his constitutional rights in violation of 42 U.S.C. § 1983. (Doc. 2.) Plaintiff alleges violations of the 5th, 8th, and 14th Amendments to the Constitution. (Id. at 3.) He names as Defendants Warden Katy Poole and N.C. Commissioner of Prisons Todd Ishee. (Id. at 2.)

In addition, Plaintiff filed a second Complaint for Violation of Civil Rights to amend and supplement his original complaint. (Doc. 12 at 1.) Because the second complaint is

intended to supplement the first, it includes additional allegations. (Compare Doc. 2, with Doc. 12.)

All of Plaintiff's claims arise from the period of March 2020 to December 2020 as a result of Scotland Correctional's failure to address the dangers presented by COVID-19. Plaintiff specifically alleges that Defendants failed to follow CDC guidelines, failed to provide personal protective equipment, and failed to isolate infected inmates as required. (See e.g. Doc. 12 at 5.) Plaintiff alleges that he contracted COVID-19 in September 2020, lost his senses of taste and smell, and experienced intense lower back pain. (Doc. 12 at 5.)

Although Plaintiff alleges that his claims fall under the 5th, 8th, and 14th Amendments to the Constitution, (Doc. 2 at 3), he does not clearly specify whether the alleged failure to provide adequate protection from COVID-19 is a cruel and unusual punishment, a failure to provide adequate shelter, a deliberate indifference to medical needs, or all three. This court construes Plaintiff's claims broadly to include all three; his claims arise from cruel and unusual conditions of confinement, a failure to provide adequate shelter, and a deliberate indifference to serious medical needs, regarding both preventing the spread of COVID-19 and treating Plaintiff following

- 3 -

infection. Specific to Defendant Todd Ishee, Plaintiff also asserts a claim for failure to process an emergency grievance.

Defendants filed an answer, (Doc. 13), and the matter proceeded to discovery. Following the close of discovery, Defendants filed the present motion for summary judgment. (Doc. 21.)

Additional facts will be addressed as necessary in the analysis.

## II. **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff did not respond to Defendants' motion for summary judgment. "If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k). "The failure to file a response [to a summary judgment motion] may cause the Court to find that the motion is uncontested." LR 56.1(e). This court finds, in the absence of a response from Plaintiff, that Defendant's motion for summary judgment is uncontested and will therefore be granted.

In addition to Plaintiff's failure to respond, this court finds Defendants' motion should be granted on the merits.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to

- 4 -

judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"Once a defendant makes a properly supported motion for summary judgment, the burden shifts to the plaintiff to set forth specific facts showing that there is a genuine issue for trial." Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 817 (4th Cir. 1995). "On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 654 (1962) (per curiam). If there is no genuine dispute about any fact material to the moving party's claim, then "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289-90 (1968) (stating that a dispute is not genuine for summary judgment purposes when one party rests solely on allegations in the pleadings and does not produce any evidence to refute alternative arguments). This court must look to substantive law to determine which facts are material; only those facts "that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

In addition, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. at 247-48. "[T]he non-moving party must do more than present a scintilla of evidence in its favor." Sylvia Dev. Corp., 48 F.3d at 818 (internal citation omitted). Ultimately, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

Plaintiff's claims all arise under the Eight Amendment to the Constitution's prohibition of "the infliction of cruel and unusual punishments." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016); see also U.S. Const. amend. VIII. Going beyond "proscrib[ing] more than physically barbarous punishments," id. (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)), it also applies to "the treatment a prisoner receives in prison and the conditions under which he is confined," id. (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). The Eighth Amendment also imposes an affirmative duty on prison officials to "provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care." Id.

- 6 -

Case 1:20-cv-00898-WO-JLW   Document 27   Filed 09/30/22   Page 6 of 13

(quoting Farmer v. Brennan, 511 U.S. 825, 832) (alteration in original). "[A] prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" Id. (quoting Estelle, 429 U.S. at 104).

To successfully allege violation of their Eight Amendment right arising from unconstitutional conditions of confinement, a prisoner must satisfy the Supreme Court's two-prong test. See Farmer, 511 U.S. at 854.

First, there is an objective test: "plaintiffs must demonstrate that "the deprivation alleged [was], objectively, sufficiently serious." Scinto, 841 F.3d at 225. "Sufficiently serious" means that the deprivation was "extreme" such that it posed "'a serious or significant physical or emotional injury resulting from the challenged conditions,'" or "'a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions.'" Id. (quoting De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)).

To satisfy the objective prong in medical needs cases specifically, plaintiffs must show that the prison officials' deliberate indifference to a "serious" medical need that has either "been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily

- 7 -

recognize the necessity for a doctor's attention." Id. (quoting Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)).

Second, there is a "subjective" test: "plaintiffs must show that prison officials acted with a 'sufficiently culpable state of mind.'" Id. (quoting Farmer, 511 U.S. at 834). When a plaintiff has alleged unconstitutional conditions of confinement, "the requisite state of mind is deliberate indifference." Id. This requires showing that "the official knew of and disregarded an excessive risk to inmate health or safety." Id. (cleaned up). Beyond mere negligence but less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result," Farmer, 511 U.S. at 835, deliberate indifference is akin to "recklessness of the subjective type used in criminal law," Brice v. Va. Beach Correctional Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 835).

To satisfy the subjective prong in medical needs cases specifically, plaintiffs must show proof of the official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Scinto, 841 F.3d at 226. Proof can consist of direct evidence, circumstantial evidence, or even evidence "that a prison official knew of a substantial risk from the very

fact that the risk was obvious." Makdessi v. Fields, 789 F.3d 126, 134 (4th Cir. 2015) (quoting Farmer, 511 U.S. at 842).

Defendants, in their motion for summary judgment, (Doc. 21), do not challenge Plaintiff's inartful, though accurate, allegations as to the risks inmates experienced in 2020 due to COVID-19. This court's analysis assumes that COVID-19 created prison conditions that created "a substantial risk of . . . serious harm resulting from . . . exposure to the challenged conditions." De'Lonta, 330 F.3d at 634 (internal quotation marks and citation omitted). However, Plaintiff has not presented admissible evidence demonstrating that Defendants did not respond reasonably and appropriately to the risk of harm COVID-19 created for Plaintiff. In contrast, Defendants have presented evidence that Plaintiff's medical needs were reasonably responded to once he contracted the virus. In other words, the uncontested evidence demonstrates that Defendants "responded reasonably to the risk of harm caused by a rapidly evolving global pandemic." Hallinan v. Scarantino, 466 F. Supp. 3d 587, 605 (E.D.N.C. 2020). As in Hallinan, Defendants here "implemented extensive efforts to limit the spread of the virus and protect inmate health and safety." (Id.)

Katy Poole's Declaration states she "implemented policies related to COVID-19 as directed by DPS." (Doc. 22-1 ¶ 4 (cleaned

- 9 -

up)). Prison officials, like Poole, were informed of policies to implement by the North Carolina Department of Public Safety through a daily briefing email. (Doc. 22-1; see also Doc. 22-2.) Poole declared under perjury that she implemented policies consistent with those outlined in the daily briefing. (Doc. 22-1 ¶ 6-7.) Poole's affidavit and Krysle McRae's affidavit outline some of the specific COVID-19 policies adopted at Scotland. (See Doc. 22-1; see also Doc. 22-7.)

These policies included requiring custodial staff and inmates "to wear personal protective equipment (PPE) consistent with CDC guidelines at all times." (Doc. 22-1 ¶ 8.) Specifically, staff and offenders were required to wear masks while in Scotland. (See Doc. 22-7 ¶ 4-5; see also Doc. 22-1 ¶ 8.) Inmates who refused to comply with these rules were regularly instructed to comply by staff, including Defendant Poole. (See Doc. 22-1 ¶ 8; see also Doc. 22-7 ¶ 4-5.) Inmates at Scotland were originally tested whenever they were symptomatic, but starting in the summer of 2020, all inmates underwent testing. (Doc. 22-1 ¶ 9.) Staff were provided free COVID-19 testing anytime and were required to stay home if they were symptomatic. (Doc. 22-1 ¶ 10; Doc. 22-7 ¶ 4.)

Plaintiff makes several allegations in his complaints about the Defendants' failures to provide reasonable precautions. For

example, Plaintiff alleges "SGT Likkeman responded by saying that according to Katy Poole[']s policy the staff only have to be tested at their own discretion for [COVID]-19." (Doc. 2 at 12.) This allegation is insufficient to create a genuine issue of material fact because it is not verified and because it fails to set out facts admissible in evidence—that is, non-hearsay statements. See Fed. R. Civ. P. 56(c)(4). Nor do the facts set out in the complaint show that the affiant or declarant is competent to testify on the matters stated. Id. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Finally, as noted, Plaintiff appears to allege that Defendant Ishee's failure to respond properly to Plaintiff's emergency grievance constitutes a claim in this action. This court is not aware of any constitutional violation occasioned by any failure on Ishee's part to address Plaintiff's grievance.

This court therefore finds the motion for summary judgment should be granted and the complaint dismissed.

### III. **DEFENDANTS' MOTION TO SEAL**

Defendants' move to seal documents pursuant to Local Rule 54. (Doc. 24.) These documents consist of confidential medical

and health records. (See id.) For the following reasons, this court will grant Defendants' motion.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The First Amendment requires that "the denial of access [to judicial records] . . . be necessitated by a compelling government interest and narrowly tailored to serve that interest." Rushford v. New Yorker Mag. Inc., 846 F.2d 249, 253 (4th Cir. 1988). This standard "appl[ies] to documents filed in connection with a summary judgment motion in a civil case." Id. To determine whether a judicial record should be sealed, this court:

> must [] weigh the appropriate competing interests
> under the following procedure: it must give the public
> notice of the request to seal and a reasonable
> opportunity to challenge the request; it must consider
> less drastic alternatives to sealing; and if it
> decides to seal[,] it must state the reasons (and
> specific supporting findings) for its decision and the
> reasons for rejecting alternatives to sealing.

Va. Dept. of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004).

These documents are judicial records subject to the Va. Dept. of State Police analysis. After consideration of the relevant factors, this court finds Defendants' the motion to seal should be granted. First, the motion to seal has been

publicly filed since February 14, 2022, and no objections have been filed. (See Doc. 24.) Second, the request to seal applies only to a limited group of documents; the majority of the briefs and exhibits in this case are not filed under seal. (See generally, Docs. 22, 22-1 through 22-8.) Finally, request to seal relates only to Plaintiff's private medical records. Thus, the motion to seal will be granted.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Seal, (Doc. 24), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (Doc. 21), is **GRANTED** and Plaintiff's complaints (Docs. 2, 12), are **DISMISSED WITH PREJUDICE.**

A judgment dismissing this action is filed contemporaneously with this order.

This the 30th day of September, 2022.

```
                              _____
                                   William L. Osteen, Jr.
                                United States District Judge
```